NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KEVIN DAO,<br><br>    Petitioner<br><br>    v.<br><br>MS. RAUPP, Administrator,<br><br>    Respondent | Civil Action No. 20-1545(RMB)<br><br><br><br>**OPINION** |

BUMB, United States District Judge

This matter comes before the Court upon Petitioner Kevin Dao's ("Petitioner") Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Pet., Dkt. No. 4); Respondent's Motion to Dismiss ("Mot. to Dismiss," Dkt. No. 7); and Petitioner's Reply Brief (Petr's Reply Brief, Dkt. No. 9.) Respondent seeks dismissal of the habeas petition on timeliness grounds under 28 U.S.C. § 2244(d). The Court will determine the motion on the briefs without oral argument, pursuant to Federal Rule of Civil Procedure 78(b).

I.  BACKGROUND

After a jury trial, a Judgement of Conviction was entered against Petitioner on January 9, 2011, in the New Jersey Superior Court, Atlantic County, for sexual assault and endangering the welfare of a child. (Resp's Ex. 1, Dkt. No. 7-1.) Petitioner's direct appeal was denied by the Appellate Division on April 16,

2013. (Resp's Ex. 2, Dkt. No. 7-2.) Petitioner sought certification from the New Jersey Supreme Court, but his petition was denied on October 25, 2013. (Resp's Ex. 3, Dkt. No. 7-3.) Petitioner did not seek certification from the United States Supreme Court; thus, his conviction became final on January 25, 2014, 90 days after the New Jersey Supreme Court denied his petition.

Petitioner filed an application for post-conviction relief ("PCR") on March 26, 2014. (Resp's Ex. 4, Dkt. No. 7-4.) The PCR court denied relief on October 27, 2014. (Resp's Ex. 5, Dkt. No. 7-5.) Petitioner appealed and the Appellate Division denied the appeal on July 6, 2016. (Resp's Ex. 6, Dkt. No. 7-6). Petitioner's petition for certification to the New Jersey Supreme Court was denied on January 12, 2018. (Resp's Ex. 7, Dkt. No. 7-7.) Pursuant to the prison mailbox rule,[1] Petitioner filed his petition for writ of habeas corpus on March 13, 2020.[2] (Pet., Dkt. No. 2 at 20.) He filed an amended petition on April 5, 2020. (Am. Pet., Dkt No. 4 at 20.)

---

[1] See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court[.]")

[2] On February 6, 2020, Petitioner filed a notice of intent to file a habeas petition (Dkt. No. 1), and asked the Court to send him the necessary form, but Petitioner did not file his petition until he placed the completed habeas petition in the prison's outgoing legal mail on March 13, 2020. (Am. Pet., Dkt. No. 2 at 20.)

2

II. DISCUSSION

    A.    Respondent's Motion to Dismiss

Respondent calculated the one-year statute of limitations period as follows. Petitioner's direct appeal ended 90 days after the New Jersey Supreme Court denied his petition for certification, therefore, the habeas period started to run on January 25, 2014. Petitioner filed a PCR application on March 26, 2014, at which time he had used 60 days of the statute of limitations period. The time period was then tolled until the New Jersey Supreme Court denied his petition for certification of his PCR appeal on January 12, 2018. At that time, there were 305 days remaining on the one-year limitations period, which ended on November 13, 2018, more than a year before Petitioner filed his habeas petition.

    B.    Petitioner's Opposition to Motion to Dismiss

Petitioner justified the timeliness of his habeas petition in this way:

> Petitioner asserts he had pending appellate motions before a New Jersey State Court until January 9, 2018. He filed a notice of Habeas Corpus to this present Court on February 6, 2020. Between these dates, the Petitioner was extremely diligent toward continuously filing motions to the State Court. The record of receipts available as entered into the "Legal Mail Log", as witnessed by the OFC in charge of this detail number 5 in total (1) 1-26-2018 to NJ Supreme Court (2) 10-3-2018 to Mr. John, Criminal Division Manager (3) 1-19-2019 Superior Court of New Jersey (4) 3-28-2019 to Superior Court of New Jersey (5) 10-16-19 to Criminal Division Manager, Superior Court.

3

> Petitioner asserts he had no legal guidance on where, what and how to follow up in pursuit toward relief after the New Jersey Supreme Court denied his final request for Certification. He requested legal counsel in a motion to the court but the court did not respond. The record above demonstrates that with each of the above entries he waited for a response from the recipient and when there was no response, he filed a motion again, including more than one "Motion for Clarification" as titled.

(Am. Pet., ¶18, Dkt. No. 4.) In his reply brief, Petitioner attaches legal mail receipts and explains that

> these legal mail receipts show that on more than a handful of occasions, the petitioner entered petitions for PCR to the NJ State Courts. Further he did enter a petition for certification to the NJ Supreme court and even mailed a letter to Ms. Jill Houck, Criminal Division Manager, requesting the basic directives toward following up his ultimate purpose of seeking relief from his trial conviction in NJ state court.

(Reply Brief, Dkt. No. 9 at 2-3.)

    C.   <u>Legal Standard</u>

28 U.S.C. § 2244(d) provides, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .

4

>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

After a petitioner seeks review from the State's highest court, the judgment of conviction becomes final, and the limitations period begins to run after expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." Gonzalez v. Thaler, 565 U.S. 134, 137 (2012).

A properly-filed application for post-conviction relief tolls the habeas statute of limitations under 28 U.S.C. § 2244(d)(2). Pace v. Diguglielmo, 544 U.S. 408, 410 (2005). A "properly filed application" is one that was: (1) accepted for filing by the appropriate court officer; and (2) was filed within the time limits prescribed by the relevant jurisdiction. Artuz v. Bennett, 531 U.S. 4, 8 (2000). "Pending" under § 2244(d)(2) includes the period between a lower court's adverse determination and the prisoner's filing of a notice of appeal, provided that filing the notice of appeal was timely under state law. Evans v. Chavis, 546 U.S. 189, 191 (2006) (citing Carey v. Saffold, 536 U.S. 214 (2002)).

5

"[Section] 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari" after state postconviction review. Lawrence v. Fla., 549 U.S. 327, 332 (2007).

Equitable tolling applies to the one-year statute of limitations under 28 U.S.C. § 2244(d) in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). Equitable tolling may be appropriate in circumstances where (1) the defendant has actively misled the plaintiff; (2) the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citing United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (citations omitted).

    D.   Analysis

        1.   Calculation of the limitations period

The parties do not dispute that Petitioner's direct appeal became final on January 25, 2014, 90 days after the New Jersey Supreme Court denied certification. The habeas limitations period is tolled, pursuant to § 2244(d)(2), upon a properly-filed application for post-conviction relief. A "properly-filed"

6

application is one that was filed within the time limits prescribed by the relevant jurisdiction. Artuz, 531 U.S. at 8. The parties do not dispute that Petitioner's PCR proceeding began with the proper filing of a PCR petition on March 26, 2014, and ended with the New Jersey Supreme Court's denial of certification on March 26, 2014. Petitioner has not established that he properly filed a second PCR petition at any time. Thus, Petitioner has not established a basis for statutory tolling. The habeas limitations period expired on November 13, 2018. Petitioner did not file his habeas petition until March 13, 2020.

### 2. Equitable Tolling

Petitioner seeks equitable tolling based on the failure of the state courts to respond to his written requests, following the New Jersey Supreme Court's denial of certification of his PCR appeal. Equitable tolling is permitted where "'some extraordinary circumstance stood in [the petitioner's] way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418)). Here, it is not clear what rights Petitioner was seeking to assert in the state courts prior to filing his habeas petition. Moreover, it questionable whether there was no other avenue for Petitioner to obtain the information he needed to assert his rights sooner. Petitioner must show more than his lack of legal knowledge as cause of the delay; he must show, for example, that he was somehow misled from timely pursuing his rights. See e.g. Jenkins v. Superintendent

7

of Laurel Highlands, 705 F.3d 80, 90 (3d Cir. 2013) (finding an extraordinary circumstance for equitable tolling where "[t]he … Court … implicitly suggested that the prisoner could later reassert his claims in a third PCRA petition … the prisoner relied on this advice …" and his claim was found untimely.) What's more, Petitioner has not explained how he was prevented from filing his habeas petition upon completion of his first PCR proceeding, and prevented from seeking a stay pending further proceedings in the state courts. See Rhines v. Webber, 544 U.S. 269, 275-76 (2005) (describing stay and abeyance procedure.)

For these reasons, the Court will grant Respondent's motion to dismiss. In light of Petitioner's difficulty obtaining legal materials and copies during the COVID lockdown in his facility,[3] Petitioner may file a motion for reconsideration[4] within 28 days of the date of entry of this Opinion and the accompanying Order, if he can establish what rights he was attempting to assert in the state courts in 2019, and how he was prevented from timely filing his habeas petition.

III. CONCLUSION

For the reasons discussed above, Respondent's motion to dismiss will be granted.

---

[3] See Petr's Response (Dkt. No. 8.)

[4] See Federal Rule of Civil Procedure 59(e).

An appropriate order follows.

Date:  December 7, 2020

                                              s/Renée Marie Bumb
                                              **RENÉE MARIE BUMB**
                                              **United States District Judge**