<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KEVIN DAO, <br><br> Petitioner <br><br> v. <br><br> MS. RAUPP, Administrator, *et al.*, <br><br> Respondents | Civil Action No. 20-1545 (RMB) <br><br><br> **OPINION** |

BUMB, United States District Judge

    This matter comes before the Court upon Petitioner Kevin Dao's Motion for Reconsideration (Dkt. No. 12) of this Court's Opinion and Order of December 7, 2020, wherein the Court granted Respondents' motion to dismiss the petition for writ of habeas corpus under 28 U.S.C. § 2254 on statute of limitations grounds. For the reasons discussed below, the Court will deny Petitioner's motion for reconsideration.

I.    BACKGROUND

    On January 9, 2011, after a jury trial in the New Jersey Superior Court, Atlantic County, a Judgement of Conviction was entered against Petitioner for sexual assault and endangering the welfare of a child. (Respt's Ex. 1, Dkt. No. 7-1.) Petitioner filed a habeas petition under 28 U.S.C. § 2254 in this Court on March 13, 2020, and an amended petition on April 8, 2020. This Court granted Respondents' motion to dismiss on timeliness grounds, finding that Petitioner had not established a basis for statutory or equitable tolling of his petition. (Opinion, Dkt. No. 10.) Noting Petitioner's difficulty in responding to the motion to dismiss based on conditions of confinement in prison during the COVID-19

pandemic, the Court invited Petitioner to file a motion for reconsideration under Federal Rule of Civil Procedure 59(e), if appropriate. (Opinion, Dkt. No. 10 at 8.)

On December 7, 2020, this Court found Petitioner's § 2254 habeas petition untimely for the following reasons. After Petitioner's direct appeal and first PCR proceedings concluded by denial of his petition for certification in the New Jersey Supreme Court, 305 days remained on the one-year habeas statute of limitations under 28 U.S.C. § 2244(d), but he filed his 2254 petition more than one year later. (Id. at 3-7.) Petitioner failed to establish statutory tolling because he had not shown that he properly filed a second PCR petition at any time. (Id. at 7.) Further, Petitioner had not established a basis for equitable tolling because

> it is not clear what rights Petitioner was seeking to assert in the state courts prior to filing his habeas petition. Moreover, it is questionable whether there was no other avenue for Petitioner to obtain the information he needed to assert his rights sooner. Petitioner must show more than his lack of legal knowledge as cause of the delay; he must show, for example, that he was somehow misled from timely pursuing his rights. See e.g. Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 90 (3d Cir. 2013) (finding an extraordinary circumstance for equitable tolling where "[t]he … Court … implicitly suggested that the prisoner could later reassert his claims in a third PCRA petition … the prisoner relied on this advice …" and his claim was found untimely.) What's more, Petitioner has not explained how he was prevented from filing his habeas petition upon completion of his first PCR proceeding, and prevented from seeking a stay pending further proceedings in the state courts. See Rhines v. Webber, 544 U.S. 269, 275-76 (2005) (describing stay and abeyance procedure.)

(Id. at 7-8.)

II.    DISCUSSION

    A.    Petitioner's Motion for Reconsideration

In his motion for reconsideration, Petitioner describes the actions he took in the state courts after his first PCR petition was exhausted on January 12, 2018. (Mot. for

2

Reconsideration, Dkt. No. 12.)  First, Plaintiff filed a follow-up motion in the New Jersey Supreme Court on January 26, 2018, although the exact nature of the motion is unclear. (Id., ¶ 1.) Petitioner also filed a motion in the New Jersey Supreme Court to stay proceedings or permit him to bring three new PCR claims that had not been raised by his attorney in his first PCR petition. (Id., Ex. A, Dkt. No. 12 at 9-11.) The New Jersey Supreme Court directed Petitioner to file a second or subsequent PCR petition, and Petitioner submits that he did so, but the court failed to respond. (Id., ¶ 2, Dkt. No. 12.) Petitioner filed his second PCR petition in the Appellate Division, rather than the PCR court. (Id., Ex. B, Dkt. No. 12 at 13-22.)

After the Appellate Division failed to respond to his second PCR petition, Petitioner filed a leave to appeal or request to stay proceedings in the Appellate Division. (Id., ¶ 3, Dkt. No. 12; Ex. A, Dkt. No. 12 at 9-11.) Petitioner believes he may have been misled by an inmate paralegal to file in the wrong forum. (Motion for Reconsideration, ¶ 3.) Petitioner argues that because he moved to the United States from Vietnam in his early twenties, he does not have the writing or legal skills to file the proper motions.[1] (Id., Dkt. No. 12 at 5.)

The record supports Petitioner's contention that in January 2018, he filed a second or successive PCR petition in the wrong forum, the Appellate Division rather than the PCR court. (Exhibits A and B, Dkt. No. 12 at 8-23.) More than eight months later, in October 2018, Petitioner wrote to the Criminal Division Manager of the trial court, but received no response. Id., ¶ 3.)[2] He filed additional motions in state court on January 19, 2019 and March 28, 2019,

---

[1] Petitioner does not state that he does not understand English, and the Court construes Petitioner's statement to mean that he does not understand the law. If, in fact, a language barrier prevents Petitioner from performing legal research and submitting his pro se materials to the courts, Petitioner should file another motion for reconsideration and explain what efforts he made to obtain legal materials in Vietnamese or translation services that would allow him to determine the habeas limitations period.

[2] Petitioner submitted receipts for his outgoing legal mail showing he sent letters on:  (1)

3

without response. (Reply Brief, Dkt. No. 9 at 5-9.) He wrote to the Criminal Division once again on October 16, 2019. (Id.)

      B.    Analysis

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e), requiring that a motion to alter or amend a judgment be filed no later than 28 days after the entry of the judgment. Reconsideration is appropriate

> if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995).

Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Here, Petitioner provides additional records concerning his efforts to obtain relief in the state courts before filing his untimely habeas petition under § 2254.

As this Court explained in its Opinion granting Respondents' motion to dismiss on timeliness grounds, because Petitioner never properly filed a second PCR petition, he is not entitled to statutory tolling of the one-year habeas limitation period under 28 U.S.C. § 2244(d)(2). Therefore, Petitioner must rely on equitable tolling to proceed. Equitable tolling applies to the one-year statute of limitations under 28 U.S.C. § 2244(d) in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). Equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his

---

October 3, 2018 to Jill Houck, Criminal Division Manager; (2) January 1, 2019, New Jersey Superior Court; (3) March 28, 2019, New Jersey Superior Court; (4) October 16, 2019, Criminal Division Manager, Superior Court. (Reply Brief, Dkt. No. 9 at 5-9.)

rights mistakenly in the wrong forum." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citing United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998) (quotation omitted)).

Petitioner has not shown that he was actively misled by the State or that he was prevented in some extraordinary way from asserting his habeas rights by filing his § 2254 petition with a request for a stay and abeyance, as described by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). Petitioner alleges that he timely asserted his right to file a second PCR petition in state court but in the wrong forum, the Appellate Division. However, for equitable tolling to apply, this Court finds that the right Petitioner must timely assert in the wrong forum is his right to file a habeas petition under § 2254.

In Jones v. Morton, the Third Circuit recognized that equitable tolling is appropriate where a habeas petitioner "'timely asserted his rights mistakenly in the wrong forum.'" 195 F.3d at 159 (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir.1998) (quoting Kocian v. Getty Refining & Mktg. Co., 707 F.2d 748, 753 (3d Cir. 1983)). Subsequently, in Satterfield v. Johnson, the Third Circuit had the opportunity to address whether the meaning of "wrong forum" in Jones included filing for state court relief in the wrong state court. 434 F.3d 185, 196 (3d Cir. 2006). The Third Circuit found that "cases interpreting the 'wrong forum' element of *Jones v. Morton* usually refer to a peremptory filing in federal court prior to exhaustion of state-law claims" Id. (citing Pace v. DiGuglielmo, 125 S. Ct. 1807, 1813 (2005) (noting the right of a petitioner to file a "protective petition" in federal court to guard against AEDPA's statute of limitations)). Id. at 196. Ultimately, however, the Third Circuit was not required to reach the issue because the petitioner did not exercise reasonable diligence in pursuit of his claims. Id. This Court has not found any cases where the "wrong forum" was held to mean the wrong forum for filing an application in the state courts for collateral review. Conversely, several courts have held that filing state court post-

5

conviction relief motions in the "wrong forum" does not equitably toll the federal habeas limitations period. See e.g. Taylor v. Carroll, No. CIV.A. 03-007-SLR, 2004 WL 1151552, at *6 (D. Del. May 14, 2004); see also Johnson v. McCaughtry, 265 F.3d 559, 565 (7th Cir. 2001) (noting that even if the habeas statute of limitations expired while the petitioner was going back and forth filing his PCR petition in the wrong state court, "he still could have filed a protective federal petition.")

Extending the meaning of "wrong forum," for equitable tolling purposes, to filing in the wrong state court forum would defeat the statutory requirement in § 2244(d)(2), which tolls the habeas statute of limitations only when applications for State post-conviction or other collateral review are "properly filed" in the state courts. Further, in situations where the habeas one-year limitations period is likely to run while the pro se prisoner seeks to bring a second PCR petition to exhaust all of his state court claims, the Supreme Court, in 2005, described the procedure for a habeas petitioner to seek a stay and abeyance of his or her habeas petition in federal court. See Rhines, supra,

In sum, a pro se prisoner is expected to learn when the habeas limitations period expires; his or her lack of legal knowledge does not suffice to establish extraordinary circumstances for equitable tolling, Ross v. Varano, 712 F.3d 784, 799-800 (3d Cir. 2013), nor does incorrect advice from an attorney justify equitable tolling in non-capital cases. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002) (citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001.)) Given that a prisoner's reliance on his attorney's erroneous advice is not an extraordinary circumstance justifying equitable tolling, there is no logical reason to apply equitable tolling based on incorrect advice from an inmate paralegal, as Petitioner intimates may have occurred here. See e.g. Alexander v. Schriro, 312 F. App'x 972, 975 (9th Cir. 2009) (noting prison paralegal did not do anything to make it impossible for habeas

petitioner to file on time, and petitioner should not have relied on advice of paralegal). Therefore, the § 2254 petition was untimely.

III. CONCLUSION

For the reasons discussed above, Petitioner's motion for reconsideration will be denied.

An appropriate order follows.

Dated: **August 24, 2021**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
